1
2
3
4
5
6
7
8          UNITED STATES DISTRICT COURT
9          CENTRAL DISTRICT OF CALIFORNIA
10
11   PATRICIA ESTRADA,                    )     NO. CV 09-3839 AGR
12                  Plaintiff,            )
13             v.                         )
14                                        )     MEMORANDUM OPINION AND
     MICHAEL J. ASTRUE,                   )     ORDER
15   Commissioner of Social Security,     )
16                  Defendant.            )
17   ─────────────────────────────────── )

18         Patricia Estrada filed this action on June 3, 2009.  Pursuant to 28 U.S.C. §

19   636(c), the parties consented to proceed before Magistrate Judge Rosenberg on

20   July 8 and 13, 2009.  (Dkt. Nos. 12-13.)  On February 2, 2010, the parties filed a

21   Joint Stipulation ("JS") that addressed the disputed issues.  The Court has taken

22   the matter under submission without oral argument.

23         Having reviewed the entire file, the Court remands this matter to the

24   Commissioner for proceedings consistent with this opinion.

25   ///

26   ///

27   ///

28   ///

# I.

## PROCEDURAL BACKGROUND

On September 11, 2000, Estrada filed an application for Supplemental Security Income ("SSI") benefits alleging a disability onset date of January 1, 1995.  Administrative Record ("AR") 124-26.  The application was denied initially and on reconsideration.  AR 76-79, 82-85.  An Administrative Law Judge ("ALJ") conducted a hearing on April 28, 2003, at which a vocational expert ("VE") and Estrada testified.  AR 673-96.  On July 22, 2003, the ALJ issued a decision denying benefits.  AR 52-63.  On September 10, 2003, Estrada sought review by the Appeals Council ("Council").  AR 97.

Also on September 10, 2003, Estrada filed a second application for SSI benefits alleging a disability onset date of August 1, 1995.  AR 533-545.  On December 23, 2003, Estrada's second application was granted.  AR 114.[1]

On February 12, 2004, Estrada requested the withdrawal of her "appeals council claim" based on her August 23, 2000 application.[2]  AR 104.  On December 12, 2005, the Council responded to Estrada's request for review of the July 22, 2003 unfavorable decision by the ALJ and the December 23, 2003 favorable determination by the Agency.  AR 114-18.  The Council found there was no basis for Estrada's request to withdraw her request for review.  AR 114.  The Council reviewed the ALJ's unfavorable decision and found that it was not supported by substantial evidence.  AR 114-15.  The Council found that the favorable determination was "based on 'error on the face' as the State Agency improperly invaded the period ruled on by the Administrative Law Judge by

[1]  The December 23, 2003 grant is not in the record.  However, it is referred to in a December 12, 2005 notice from the Council.  AR 114 ("This is also about the favorable determination dated December 23, 2003 on your later claim(s).").

[2]  Despite the date discrepancy, the Court assumes Estrada is referring to her first application dated September 11, 2000.  The Council also noted the same discrepancy.  AR 114.

2

finding a disability onset of August 1, 2000 prior to the date of the unfavorable decision issued by the Administrative Law Judge on July 22, 2003." AR 115. The Council set aside the ALJ's decision, combined the two claims, and remanded the matter back to the ALJ "for more action and a new decision." AR 116.

The Council stated that the ALJ had found that Estrada could perform simple work at any exertional level based on an opinion by a consultative psychiatric examiner. *Id.* By contrast, in granting the second application, the Agency medical consultant found Estrada disabled as of August 1, 2000, because she met two listings. *Id.* The decision on the second application was apparently based on a mental disorder questionnaire completed by Estrada's treating phsyician, El-Gabalawy, on December 18, 2003. *Id.*[3] El-Gabalawy reported that Estrada heard voices that sometimes told her to hurt herself and that Estrada had been receiving outpatient treatment from Pacific Clinics since February 17, 2000. *Id.* El-Gabalawy diagnosed Estrada with "major depression, recurrent with psychotic features, methamphetamine dependence in early remission." *Id.* El-Gabalawy concluded that Estrada's ability to hold a job was "limited" and it was not expected that she could be gainfully employed. *Id.* He also concluded that Estrada "could be symptom free with minimal treatment, if [she complied] with medication and avoid[ed] use of illicit drugs." *Id.* However, the Council also noted that the ALJ had provided a "detailed rationale for rejecting Dr. Gabalawy's opinions." *Id.* In addition, the State Agency medical consultant, when making a favorable determination, did not have the record on which the ALJ based his denial of benefits. *Id.* Accordingly, the Council concluded that "further review/development is needed to resolve the discrepancies of record and to determine the severity of your medical condition." *Id.* The Council remanded the

_____

[3] The questionnaire is located at AR 612-16.

1  case "for updated medical evidence to reassess your residual functional capacity
2  and to obtain medical expert evidence." *Id.*

3        On January 18, 2006, Estrada's counsel sent a letter to the Council arguing
4  that the Council "lack[ed] the discretion" to deny Estrada's request to withdraw
5  her request for review of the July 22, 2003 decision. AR 119. On March 8, 2006,
6  the Council issued an order remanding the case to an ALJ. AR 73-75. The
7  Council acknowledged that it had received and considered comments regarding
8  its December 12, 2005 notice, and found that "the comments do not warrant a
9  change in the Council's action." AR 74.

10        On January 8 and March 17, 2008, the same ALJ conducted hearings at
11  which a Medical Expert ("ME"), a VE, and Estrada testified. AR 697-752. On
12  July 22, 2008, the ALJ issued an unfavorable decision. AR 23-31. On April 22,
13  2009, the Council denied Estrada's request for review. AR 9-12. The Council
14  designated the ALJ's decision as "the final decision of the Commissioner." AR 9.
15        This action followed.

16                                      **II.**

17                          **STANDARD OF REVIEW**

18        Pursuant to 42 U.S.C. § 405(g), this Court reviews the Commissioner's
19  decision to deny benefits. The decision will be disturbed only if it is not supported
20  by substantial evidence, or if it is based upon the application of improper legal
21  standards. *Moncada v. Chater*, 60 F.3d 521, 523 (9th Cir. 1995); *Drouin v.*
22  *Sullivan*, 966 F.2d 1255, 1257 (9th Cir. 1992).

23        "Substantial evidence" means "more than a mere scintilla but less than a
24  preponderance – it is such relevant evidence that a reasonable mind might
25  accept as adequate to support the conclusion." *Moncada*, 60 F.3d at 523. In
26  determining whether substantial evidence exists to support the Commissioner's
27  decision, the Court examines the administrative record as a whole, considering
28  adverse as well as supporting evidence. *Drouin*, 966 F.2d at 1257. When the

4

evidence is susceptible to more than one rational interpretation, the Court must defer to the Commissioner's decision.  *Moncada*, 60 F.3d at 523.

### III.

### DISCUSSION

**A.   Disability**

A person qualifies as disabled, and thereby eligible for such benefits, "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy."  *Barnhart v. Thomas*, 540 U.S. 20, 21-22, 124 S. Ct. 376, 157 L. Ed. 2d 333 (2003).

**B.   The ALJ's Findings**

Estrada has the following impairments:  "methamphetamine-induced psychosis (reportedly in remission since June 2006) . . ., Major Depression (with psychotic features) . . ., chronic Hepatitis C infection . . ., insulin dependent diabetes mellitus."  AR 26.

Estrada has the residual functional capacity ("RFC") "to lift and carry 50 pounds occasionally and 25 pounds frequently, stand and/or walk for six out of eight hours, and sit for six hours in an eight-hour workday.  She can perform simple repetitive tasks."  AR 27.

Estrada has no past relevant work.  AR 29.  However, jobs exist in significant numbers in the national economy that Estrada can perform.  AR 30.

**C.   Reopening and Revising the Agency's Favorable Determination**

"A determination . . . may be reopened . . . (b) [w]ithin two years of the date of the notice of the initial determination if we find good cause, as defined in § 416.1489."  20 C.F.R. § 416.1488.  "Good cause" exists if the "evidence that was considered in making the determination or decision clearly shows on its face that an error was made."  20 C.F.R. § 416.1489(a)(3).

5

1    A determination may be revised after the two-year period specified in §

2    416.1488(b) expires if an investigation is begun "into whether to revise the

3    determination . . . before the applicable time period expires. * * * The investigation

4    is a process of gathering facts after a determination or decision has been

5    reopened to determine if a revision of the determination . . . is applicable." 20

6    C.F.R. § 416.1491.  The investigation must be "diligently pursued . . to its

7    conclusion. * * * 'Diligently pursued' means that in light of the facts and

8    circumstances of a particular case, the necessary action was undertaken and

9    carried out as promptly as the circumstances permitted.  Diligent pursuit will be

10   presumed to have been met if we conclude the investigation and if necessary,

11   revise the determination . . . within 6 months from the date we began the

12   investigation." *Id.* at (a).  If the investigation has not been diligently pursued, the

13   determination may not be revised unfavorably to the claimant.  *Id.* at (b).

14       Estrada argues that the favorable determination by the Agency was not

15   "revised" until the ALJ issued his decision on July 22, 2008.  JS 8.  Thus, over

16   four and a half years elapsed between the date of the favorable determination

17   (December 23, 2003), and the date of the revision (July 22, 2008).  More than two

18   and a half years elapsed between the end of the two-year period specified in §

19   416.1488(b) and the date of the revision.  More than two years elapsed between

20   the end of the presumptive, 6-month period and the date of the revision.

21       Estrada argues that the burden is on the Commissioner to "show that the

22   issue was diligently pursued."  JS 8.  For this proposition, Estrada cites the

23   Program Operations Manual System ("POMS") DI 27505.005 ¶ C.[4]  "POMS

24

25       [4]  The POMS Table of Contents may be found on the Social Security
     Administration's website at
26   https://secure.ssa.gov/apps10/poms.nsf/partlist!OpenView.  The POMS is broken
     down into sections, each with two-character headings.  For example, "DI" means
27   "Disability insurance" and "SI" means "Supplemental Security Income."  These
     two-character headings are included in any citations to POMS provisions.
28       According to the Agency, "[t]he POMS is a primary source of information

1   constitutes an agency interpretation that does not impose judicially enforceable

2   duties on either this court or the ALJ."  *Lockwood v. Comm'r*, 2010 WL 3211697,

3   *4 (2010).  "Such agency interpretations are entitled to respect but only to the

4   extent that those interpretations have the power to persuade."  *Id.* (quotation

5   marks omitted) (citing *Christensen v. Harris County*, 529 U.S. 576, 587, 120 S.

6   Ct. 1655, 146 L. Ed. 2d 621 (2000) and *Skidmore v. Swift & Co.*, 323 U.S. 134,

7   140, 65 S. Ct. 161, 89 L. Ed. 124 (1944)).[5]

8           The same principle cited by Estrada is enunciated more clearly in SI

9   04070.040 ¶ I:  "**SSA has the burden of showing that delays are reasonable.**"

10  (emphasis in original).  "Diligent pursuit may not be presumed if the investigation

11  is not completed within six months after the affirmative action in writing date.  In

12  that instance, the entire time period of the investigation must be analyzed and

13  periods of inaction must be evaluated to determine whether they constitute a

14  reasonable or an unreasonable delay. . . . Examples of unreasonable delay

15  include workloads as a result of understaffing, heavy leave use by FO staff,

16  legislative changes, lack of planning, etc. **An unreasonable delay by any**

17  **component of SSA pertains to the entire agency.**"  SI 04070.040 ¶ B(4)

18  (emphasis in original).  "When a revision is not complete within 6 months . . .,

19  there must be an analysis of the investigation **to determine if the cause of the**

20  **delay was reasonable.**  In doing so, we pay careful attention to **periods of**

21  **inaction.**  Unexplained periods of inaction are presumed to constitute

22  unreasonable delay."  SI 04070.040 ¶ I (emphases in original).

23

24  _____

25  used by Social Security employees to process claims for Social Security
    benefits."  SSA's Program Operations Manual System, located at
26  https://secure.ssa.gov/apps10/poms.nsf/aboutpoms.

27          [5]  The Commissioner does not appear to challenge the applicability of the
    POMS in this case.  JS 13 ("the ALJ complied with all relevant regulations and
28  POMS").

1    The Council remanded the matter to the ALJ on March 8, 2006.  AR 73-75.

2    Estrada argues that she was not seen by an Agency consultative examiner until

3    one year later.  JS 10 (citing AR 388-405).  Even after her examination by the

4    Agency physician, a notice of hearing did not go out until October 9, 2007, almost

5    seven months later, setting a hearing for January 8, 2008, three months later.  AR

6    42-46.  Finally, the January 8 hearing did not go forward because the ALJ had

7    neglected to schedule an ME to attend (as required by the Council).  AR 699.

8    The hearing was therefore delayed until March 17, 2008, causing an additional

9    two-month delay.  AR 701.

10   The Commissioner argues that when the Council reopened the favorable

11   determination, it had concluded that "investigation of whether revision was

12   necessary," and therefore the regulatory time limits for the investigation were

13   inapplicable.  JS at 12-13.  It is clear that the Council had reviewed the record to

14   determine that there was a basis to reopen the favorable determination.

15   However, the Council did not revise the favorable determination at that point.  It

16   left the ultimate disposition up to the ALJ in its remand, which was intended to

17   "gather facts" to determine if a revision was necessary.  The Commissioner's

18   argument that the investigation was concluded on reopening is rejected as

19   unsupported.

20   This Court has jurisdiction "to review *only* [a] 'final decision' of the

21   Commissioner."  *Klemm v. Astrue*, 543 F. 3d 1139, 1144 (9th Cir. 2008) (citing 42

22   U.S.C. § 405(g)) (emphasis added).  The Council designated the ALJ's July 22,

23   2008 decision as "the final decision of the Commissioner."  AR 9; *see also* 42

24   U.S.C. § 405(h); *Mathews v. Eldridge*, 424 U.S. 319, 330, 96 S. Ct. 893, 47 L. Ed.

25   2d 18 (1976).

26   The ALJ made no findings as to diligent pursuit of the investigation.  20

27   C.F.R. § 416.1491.  It does not appear that the parties raised the issue before the

28   ALJ.  Accordingly, the matter must be remanded for the ALJ to address whether

8

1    the Agency could lawfully revise Estrada's favorable determination based on the

2    strictures of 20 C.F.R. § 416.1491.[6]

3                                            **IV.**

4                                         **<u>ORDER</u>**

5           IT IS HEREBY ORDERED that the decision of the ALJ is remanded for

6    proceedings consistent with this opinion.

7           IT IS FURTHER ORDERED that the Clerk of the Court serve copies of this

8    Order and the Judgment herein on all parties or their counsel.

9

10

11   DATED:  August 20, 2010                 _____
                                             ALICIA G. ROSENBERG
12                                           United States Magistrate Judge

13

14

15

16

17

18

19

20

21

22

23

24

25

26   _____

27          [6] Because the Court remands on the threshold issue of whether the
     investigation was diligently pursued, the Court does not address the other two
28   issues in the Joint Stipulation.

                                             9